UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAR ANTONIO LOPEZ,

Plaintiff,

-against-

FOOT LOCKER, INC.,

Defendant.

26-CV-6195 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Omar Antonio Lopez, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action in which his complaint alleged that Defendants violated his rights. By order dated September 3, 2026, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. (ECF No. 7.) Plaintiff filed an amended complaint on September 28, 2026 (ECF No. 8), and the Court has reviewed it. The action is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

In the original complaint, Plaintiff named as defendants Foot Locker, Inc., and an unspecified number of John and Jane Doe Defendants, and he sought a "default judgment" against Foot Locker, Inc. in the amount of $1.2 million. (ECF No. 1, at 5.) In sum, he alleged that Defendants "formed a unified enterprise to: (a) Profit from the unauthorized commercialization and theft of the Plaintiff's '47' IP nomenclature[;] (b) Utilize systemic procedural firewalls to suppress the Plaintiff's property rights[; and] (c) Coordinate acts of procedural bad faith to insulate the enterprise from liability." (*Id*. at 1-2.)

By order dated and entered September 3, 2026, the Court dismissed the complaint for failure to comply with Rule 8. In that order, the Court explained that Plaintiff "include[d] no facts whatsoever about [the "47"] brand, including his role (if any) in its creation or ownership"

and also "fail[ed] to allege whether he has any legal rights to enforce with regards to the '47' brand, and if he does, the basis for those legal rights, *i.e*. copyright, contract, or something else." (ECF No. 7, at 3.) The Court nevertheless granted Plaintiff leave to amend his complaint to cure these deficiencies.

On September 28, 2026, Plaintiff timely filed an amended complaint in which he names Foot Locker, Inc. as the sole defendant. (ECF No. 8) In the amended complaint, Plaintiff asserts that he "established a public timeline, creative identity, and public association using the '47 Tag Entertainment' designation beginning in or around 2000." (*Id*. at 1.) He suggests that long before Foot Locker began using the "47" brand for marketing purposes, he used it "across public digital platforms and creative works, creating the factual basis for [his] claim identity and marketplace nomenclature[.]" (*Id*. at 2.) Foot Locker subsequently "participated in the commercial expansion of a standalone '47' designation during a period after Plaintiff had established a public timeline and association with the designation through 47 Tag Entertainment." (*Id*. at 2-3.)

Plaintiff invokes Section 43(a) of the Lanham Act, which is codified at 15 U.S.C. § 1125(a), asserts that Foot Locker's conduct creates a likelihood of brand confusion, and seeks monetary relief. (*Id*. at 3.)

## DISCUSSION

### A. The Lanham Act

Plaintiff asserts a claim of brand confusion, or false designation of origin, under Section 43(a) of the Lanham Act. That section of the statute provides a cause of action against any person "who, on or in connection with any goods . . . or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof . . . which . . . is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin, sponsorship, or approval of his or her goods . . . by another person[.]" 15 U.S.C. § 1125(a)(1)(A); *see Tiffany &*

*Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 84 (2d Cir. 2020); *Shandong Shinho Food Indus. Co. v. May Flower Int'l, Inc.*, 521 F. Supp. 3d 222, 253 (E.D.N.Y. 2021).

Under this provision of the Lanham Act, a plaintiff alleging false designation of origin or brand confusion must allege facts showing that (1) "[he] has a valid mark that is entitled to protection" and that (2) the defendant's "actions are likely to cause confusion with [that] mark." *Sports Auth., Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 960 (2d Cir. 1996). "[A] plaintiff does not have to show necessarily that consumers would believe that the defendant's goods or services are from the same source as those of the plaintiff." *Id.* Rather, a defendant may also be liable for trademark infringement if its "actions are 'likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association' of the defendant's goods or services with those of the plaintiff." *Id.* (quoting 15 U.S.C. § 1125(a)(1)(A)); *see also Int'l Info. Sys. Sec. Certification Consortium, Inc. v. Sec. Univ., LLC*, 823 F.3d 153, 161–63 (2d Cir. 2016).

Plaintiff fails to state a claim under the Lanham Act. First, Plaintiff alleges no nonconclusory facts indicating that he has a valid mark in the "47" brand that is entitled to protection. In order for a trademark to be protectable, the mark must be "distinctive" and not "generic." *Genesee Brewing Co. v. Stroh Brewing Co.,* 124 F.3d 137, 143 (2d Cir. 1997). A mark is "inherently" distinctive if "[its] intrinsic nature serves to identify a particular source." *Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 768 (1992). Even a mark that is not inherently distinctive may nonetheless "acquire" distinctiveness by developing "secondary meaning" in the public mind. *Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 851 n.11 (1982). A mark has acquired "secondary meaning" when, "in the minds of the public, the primary significance of a product feature . . . is to identify the source of the product rather than the product itself." *Id.*

In the amended complaint, Plaintiff alleges that he used the "47" brand in various digital platforms, and, in a wholly conclusory fashion, he adds that his use of the "47" brand created in the public an association between the "47" brand and himself. (ECF No. 1, at 3.) The sparse facts set forth in the amended complaint, however, do not allow the Court to infer that the alleged mark was "distinctive," rather than "generic," *Genesee Brewing Co.,* 124 F.3d at 143, or that the public associated the "47" brand with him, *see Inwood Labs., Inc.,* 456 U.S. at 851 n.11. On this basis alone, Plaintiff's claim under the Lanham Act fails.

Second, even if the Court were to conclude that the allegations show that Plaintiff's use of the "47" brand was entitled to protection, he provides no well-pleaded allegations that the public is likely to be confused by Foot Locker's "47" nomenclature. As another district court correctly concluded in dismissing another of Plaintiff's lawsuits concerning the "47" brand and alleged brand confusion, Plaintiff's allegation that Foot Locker "intended to capitalize on cultural value he created does not sufficiently allege likely consumer confusion." *Lopez v. 47 Brand, LLC*, No. 26-CV-1115, 2026 WL 2364669, at 3 (N.D. Ala. Aug. 14, 2026). In short, the allegations in Plaintiff's amended complaint do not allow the Court to infer that there is a reasonable possibility that the public is or will be confused about the origin or owner of the "47" brand. The Court therefore dismisses Plaintiff's claims under the Lanham Act, for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Supplemental jurisdiction declined**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal

claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C. Leave to amend denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise its supplemental jurisdiction of any state-law claims that Plaintiff may be asserting in this action. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: October 5, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.